**Glenn Rafael Towery**
NAME

**P/0003**
PRISON IDENTIFICATION/BOOKING NO.

**K.V.S.P., Po Oo Box 5101**
ADDRESS OR PLACE OF CONFINEMENT

**Delano, Calif. 93216**

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S. DISTRICT COURT

JUL 27 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Fee Due

530

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Glenn Rafael Towery**
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

**K. Harrington — (Warden)**
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER

Respondent.

FILED
CLERK, U.S. DISTRICT COURT

JUL 23 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

CASE NUMBER:

CV **CV10-05577**-JHN (JC)
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254**

PLACE/COUNTY OF CONVICTION **Los Angeles**
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☒ other. (*credits.*)

## PETITION

1. Venue

   a. Place of detention _Kern Valley State Prison, P.O. Box 5101, Delano, Ca. 93216_

   b. Place of conviction and sentence _California Superior Court for Los Angeles County._

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).

   a. Nature of offenses involved (*include all counts*): _Second degree robbery; Grand theft, and Assault with a deadly weapon_

   b. Penal or other code section or sections: _Penal code §211, 487(a), 245(a)(2): with enhancements pursuant to Penal code §12022.5 and 12022.53(b)_

   c. Case number: _NA035750_

   d. Date of conviction: _7-7-98_

   e. Date of sentence: _July 21, 1998_

   f. Length of sentence on each count: _16 years and 8 months_

   g. Plea (*check one*):

      ☒ Not guilty

      ☐ Guilty

      ☐ Nolo contendere

   h. Kind of trial (*check one*):

      ☒ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes ☐ No

   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):

   a. Case number: _N/A_

   b. Grounds raised (*list each*):

      (1) _N/A_

(2) _N/A_

(3) _N/A_

(4) _N/A_

(5) _N/A_

(6) _N/A_

c.  Date of decision: _N/A_

d.  Result _Denied_


4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?   ☒ Yes   ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: _N/A_

b.  Grounds raised *(list each)*:

(1) _N/A_

(2) _N/A_

(3) _N/A_

(4) _N/A_

(5) _N/A_

(6) _N/A_

c.  Date of decision: _N/A_

d.  Result _Denied_


5.  If you did not appeal:

a.  State your reasons _N/A_

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☒ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes   ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

a. (1) Name of court: California Superior Court of Los Angeles County

(2) Case number: N/A

(3) Date filed *(if mailed, the date the petition was turned over to the prison authorities for mailing):* April 7, 2010

(4) Grounds raised *(list each)*:

(a) Trial court err by imposed a full 10 year consecutive enhancement for persona use of a firearm

(b) Ineffective assistance of trial counsel

(c) California Department of Correction and rehabilitation denied Petitioner day for day credit earning status within the mean of PC 2933 to first termer. None Violent offender

(d) Ineffective assistance of Appellate counsel.

(e) _____

(f) _____

(5) Date of decision: April 19, 2010

(6) Result Denied

(7) Was an evidentiary hearing held?  ☐ Yes  ☒ No

b. (1) Name of court: Court of Appeals for the Second Appellate District, Division five

(2) Case number: B224286

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* On or about May 11, 2010

(4) Grounds raised *(list each)*:

(a) Trial court err by imposed of full 10 year consecutive enhancement for personal use of a gun

(b) Ineffective assistance of trial counsel.

(c) California Department of Correction and rehabilitation denied petition day for day credit earning status within the mean of PC 2933 to first termer. None violent offender.

(d) Ineffective assistance of Appellate counsel.

(e) _____

(f) _____

(5) Date of decision: On or about May 26, 2010

(6) Result Denied

(7) Was an evidentiary hearing held?  ☐ Yes  ☒ No

c. (1) Name of court: California Supreme Court

(2) Case number: S183507

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* June 11, 2010

(4) Grounds raised *(list each)*:

(a) Ineffective assistance of trial counsel

(b) Trial court err when imposed a full 10 year consecutive enhancement to personal use of a firearm

(c) _California Department of Corection and Rehabilitation denied Petitioner his day for day credit earning status within the mean of P.C. 32022 as first timer more violent offender._

(d) _Ineffect assistance of Appellate counsel._

(e) _____

(f) _____

(5) Date of decision: _July 14, 2010_

(6) Result _Denied_

_____

(7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

7.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:** *Exhaustion Requirement:* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a.  Ground one: _Trial court err when imposed a full 10 year consecutive enhancement for personal use of a firearm pursuant to P.C. 12022.53(b) violating P.C. 1170.1 and 1170.11 and 14 amendment of U.S. Constitution_

(1) Supporting FACTS: _Upon sentencing Petitioner, the trial court elected to impose a consecutive 10 year enhancement upon Petitioner, pursuant to Penal code 12022.53(b). The trial court completely fail in it's statutory obligation to limit this specific consecutive subordinate enhancement to one third, as required by Penal code 1170.1. Although the enhancement status may have indicated the full 10-year term was appropriate, the Legislature in 1998 enacted section_

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

b.  Ground two: _Ineffective assistance of trial counsel in Violation of the Sixth and Fourteenth Amendment of the United States Constitution._

(1) Supporting FACTS: _In the trial court at the sentencing phase of the proceedings, defense counsel Ms. Mazza, made no attempt whatsoever, to invoke 1170.1 of the Penal code, in Petitioner's defense. In fact, the only statement by defense counsel in Petitioner's defense were as follow: Ms. Mazza: Excuse me, your Honor. Is there any chance that you could exercise discretion and make it even consecutive term;_

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No

Ground One Continue...

1   1170.11 So that it made express reference to Section 12022.53 and there-
2   by Superceding that provision and mandated that this enhancement be subject
3   to the one-third limitation set forth in the statute governing consecutive
4   sentences. Therefore, the trial court was required to limit this specific
5   enhancement to three years and four months, causing Petitioner to receive
6   an exhorbitant sentence in excess of six years and 8 months. (see exhithit A)
7   Therefore, Petitioner contends that the above depictured sentencing errors, are
8   of the sort that can be fixed at any time they are brought to the attention
9   of the court.

10

11          Petitioner pray that this Honorable Court, will correct the
12   unauthorized sentence imposed upon him, and issue an amended abstract of
13   judgement, to the California Department of Corrections and Rehabilitation, facilitating
14   his release from prison...
    "
15   "
    "
16   "
17   "
18   "
19   "
20   "
21   "
22   "
23   "
24   "
25   "
26   "
    "
27   "
28   "

1    -- Concurrent?

2    The Court: I could. But why should I?

3    Ms. Mazza: I'm just asking.

4

5        The above is the extent of defense counsel's advocacy on Petitioner's

6    behalf, rendering said representation, to fall far below the range of constitutionally

7    required competent assistance of counsel. In that the record is completely barren

8    of any and all attempts by defense counsel, to of her own violation, invoke

9    any of the statutory protections, available to petitioner, upon sentencing.

10   A criminal defense attorney has a duty to carefully and diligently investigate

11   all defenses of fact and law that may be available to his or her client; and

12   should promptly advise him of his rights and take all action necessary to

13   preserve them. If counsel's failure to perform these basic obligations results in

14   the withdrawal of a potentially meritorious defense, the defendant has not assistance

15   to which he is entitled.

16

17       For the foregoing reason, Petitioner pray that this Honorable Court, will conclude that
     Petitioner has been denied his constitutional rights to the effective assistance of counsel.

18

19

20

21

22

23

24

25

26

27

28

(4) Did you raise this claim in a habeas petition to the California Supreme Court?       ☒ Yes       ☐ No

c.   Ground three: California Department of Correction and Rehabilitation's denial of postsentence day for day credit earning status within the meaning of P.C. § 2933 to a first termer nonviolent offender violating petitioner 14 amendment of U.S. constitution.

(1) Supporting FACTS: The California Department of correction and rehabilitations denied of postsentence worktime day-for-day credit earning status relying on Penal Code § 2933.1. Construing Penal code § 2933.1's 15% presentence credit awarded to violent felons, is a gross violation of equal protection of the law. The california Department of correction and rehabilitation's reading of subdivision (c) of penal code § 2933.1 in artificial isolation is also a violation of the

(2) Did you raise this claim on direct appeal to the California Court of Appeal?       ☐ Yes       ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?       ☐ Yes       ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?       ☒ Yes       ☐ No

d.   Ground four: Ineffective assistance of Appellate counsel, on direct appeal in Violation of petitioner Sixth and Fourteenth Amendments of United States Constitution.

(1) Supporting FACTS: Appellate counsel's performance was constitutionally deficient, and was prejudicial to Petitioner's rights on direct appeal under the standards set forth by the United States Supreme Court in Strickland v. Washington. The benchmark for Judging any claim of ineffective assistance of counsel must be whether counsel's action so undermined the proper functioning of the adversarial process that the trial can

(2) Did you raise this claim on direct appeal to the California Court of Appeal?       ☐ Yes       ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?       ☐ Yes       ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?       ☒ Yes       ☐ No

e.   Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?       ☐ Yes       ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?       ☐ Yes       ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?       ☐ Yes       ☐ No

1  rules of statutory construction, and thus, a violation of equal protection of the

2  law. As penal code, § 2933.1, states in full:  (please see exhibits B and c)

3    (a) Notwithstanding any other law, any person who is convicted of a felony

4  listed in subdivision (c) of section 667.5, shall accrue no more than **15 percent of**

5  worktime credit as defined in Section 2933...

6    (b) The 15-percent limitation provided in subdivision (a) shall apply whether

7  the defendant is sentenced under Chapter 4.5 (commencing with section 1170 of

8  Title 7 part 2 or sentenced under some other law. However, nothing in subdivision (a)

9  shall effect the requirement of any statute that prior to minimum parole

10 eligibility, nor shall any offender otherwise statutorily ineligible for credit be

11 eligible for credit pursuant to this section...

12 (c) Notwithstanding section 4019 or any other provision of law, Maximum credit

13 that may be earned against a period of confinement to, a county jail, industrial

14 farm, or road camp, or a city jail, industrial farm or road camp, following

15 arrest and prior to placement in the custody of the Director of Corr-

16 ections, shall not exceed 15 percent of the actual period of confinement for

17 any person specified in subdivision (a).

18 "(d) This section shall only apply to offenses listed in subdivision (a) that

19 are committed on or after the date on which this section becomes opera-

20 tive."

21    For the foregoing reasons, Petitioner respectfully pray that this

22 Honorable Court, will grant the relief sought after in the

23 instant petition for writ of habeas corpus.

24

25

26

27

28

1  not be relied on as having produced just results. That same standard applies
2  to appellate counsel. A hallmark of effective assistance of appellate counsel is
3  the ability to weed out claims that has no likehood of success, instead of throwing
4  in the Kitchen sink of arguments with hope that argument will persuade
5  the court. But by constrast, however, Certainly counsel need not argue only
6  "winning arguments." Instead, counsel must bring to the court's attention
7  "anything" that's in the record that might arguably support the appeal. The court
8  in Anders held, that the Constitutional requirement of substantial quality and
9  fair process can only be attained where court appointed appellate counsel
10  acts in the role of an effective advocate as opposed to that of amicus
11  curiea. And for the purpose of State law, an issue is "arguable" when it
12  has some potential for success, i.e., meaning the possibility of requiring
13  reversal or modification of the Judgment. However the California supreme
14  Court has long ago enunciated the legal principle that appellate counsel's
15  failure to brief and argue crucial assignments of error on direct
16  appeal, constitutes ineffective assistance of appellate counsel.
17
18      For the foregoing reason, Petitioner pray that this Honorable court,
19  will conclude that Petitioner has been denied his Constitutional rights,
20  to the effective assistance of appellate counsel.
21
22
23
24
25
26
27
28

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.   (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

_____

    (7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

b.   (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

(7) Was an evidentiary hearing held?          ☐ Yes   ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect
    to this judgment of conviction?          ☒ Yes   ☐ No

    If so, give the following information *(and attach a copy of the petition if available)*:

    (1) Name of court: California Superior Court for and In Los Angeles County.

    (2) Case number: Not yet assign.

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: July 13, 2010

    (4) Grounds raised *(list each)*:

        (a) Trial courts err when impose the upper term of 5 years imprisonment Violating Petition Six amendment of U.S. Con. Right.

        (b) Trial court err when they denied petitioner the opportunity to review the PSR report

        (c) prosecution misconduct.

        (d) _____

        (e) _____

        (f) _____

11. Are you presently represented by counsel?          ☐ Yes   ☒ No

    If so, provide name, address and telephone number: _____

    _____

    _____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on   July 20, 2010
              *Date*

*Signature of Petitioner*

Glenn Rafael Towery
_____
Petitioner

K. Harrington   (warden
_____
Respondent(s)

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, Glenn Rafael Towery _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?  ☐ Yes   ☒ No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2.  Have you received, within the past twelve months, any money from any of the following sources?

    a.  Business, profession or form of self-employment?    ☐ Yes  ☒ No

    b.  Rent payments, interest or dividends?    ☐ Yes  ☒ No

    c.  Pensions, annuities or life insurance payments?    ☐ Yes  ☒ No

    d.  Gifts or inheritances?    ☐ Yes  ☒ No

    e.  Any other sources?    ☐ Yes  ☒ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

    _____

3.  Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

    ☐ Yes   ☒ No

    If the answer is yes, state the total value of the items owned: _____

    _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: *N / A* _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on _July 20, 2010_          _____
                  Date                                 *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____0 0_____ on account to his credit

at the _____ institution where he is

confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said

institution: _____

_____

_____

_7-20-10_____          _c/o K. Straub_____
      Date                        *Authorized Officer of Institution/Title of Officer*

# EXHIBIT

A

1   COUNTS 3 AND 4 THAT THERE WAS SUBSTANTIAL PLANNING,

2   SOPHISTICATION AND PROFESSIONALISM.

3            IT DOES APPEAR TO ME THAT WITH RESPECT TO

4   COUNT 1 AND COUNTS 3 AND 4 THE DEFENDANT TOOK ADVANTAGE OF

5   A POSITION OF TRUST OR CONFIDENCE TO COMMIT THE OFFENSE.

6   IT APPEARS THAT HE HAS ENGAGED IN VIOLENT CONDUCT WHICH

7   INDICATES THAT HE'S A SERIOUS DANGER TO SOCIETY.

8            IT FURTHER APPEARS TO ME THAT HE HAS PRIOR

9   CONVICTIONS AS AN ADULT OR SUSTAINED PETITIONS AS A

10  JUVENILE IN DELINQUENCY PROCEEDINGS.  THE PRIORS ARE

11  NUMEROUS AND THEY ARE OF INCREASING SERIOUSNESS.

12           HE SERVED A PRIOR TERM IN THE YOUTH

13  AUTHORITY.  HE WAS ON PROBATION AT THE TIME OF THE

14  COMMISSION OF THIS OFFENSE, ALBEIT FOR WIFE BEATING, AS A

15  MISDEMEANOR; BUT ON PROBATION, NONETHELESS.  AND HIS PRIOR

16  PERFORMANCE ON PROBATION IS CLEARLY UNSATISFACTORY.

17           THEREFORE, WITH RESPECT TO COUNT 2, WHICH

18  SHALL BE THE BASE TERM, THE COURT SELECTS THE HIGH BASE

19  TERM OF FIVE YEARS WITH AN ADDITIONAL CONSECUTIVE TEN

20  YEARS FOR THE GUN-USE ALLEGATION PURSUANT TO THE

21  PLEADINGS.

22           IT APPEARS TO ME THAT COUNT 3, MR. WILSON,

23  INVOLVED A SEPARATE VICTIM, AND MERITS SEPARATE

24  PUNISHMENT.  THEREFORE, HE IS TO SERVE ONE THIRD OF THE

25  MID TERM OF THREE YEARS, THAT IS ONE YEAR CONSECUTIVELY,

26  TO THE TERM IN COUNT 2.

27           HE'S TO SERVE AN ADDITIONAL EIGHT MONTHS FOR

28  THE PLEADING UNDER SECTION 12022.4, THAT HE FURNISHED THE

P10cc3
HDF

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL ⎬ COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
☐ JUSTICE

COURT (I.D.)  BRANCH OR JUDICIAL DISTRICT:  LONG BEACH
1 9 0 0 0 8

| PEOPLE OF THE STATE OF CALIFORNIA versus | ☒ PRESENT | NA035750 | - A |
| DEFENDANT:  TOWERY, GLENN RAFAEL | | | - B |
| AKA:  SALES, GLENN | ☐ NOT PRESENT | | - C |
| COMMITMENT TO STATE PRISON | AMENDED | | - D |
| ABSTRACT OF JUDGMENT | ABSTRACT ☒☒ | | - E |

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
| 07-21-98 | SOC | A. JEAN, JR. | A. SANDERS |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
| T. CRANDALL | T. TERAUCHI | N. MAZZA | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT    (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | | SENTENCE RELATION | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
| | | | | | MO | DAY | YEAR | | | | | | | | | | | YEARS | MONTHS |
| 02 | PC | 211** | ROBBERY 2ND DEGREE | 98 | 7 | 7 | 98 | X | | | | TI | | | | | | 5 | 0 |
| 01 | PC | 487(A) | GRND THFT PRPTY OVR $400 | 98 | 7 | 7 | 98 | X | | | | | | X | | | | | |
| 03 | PC | 211** | ROBBERY 2ND DEGREE | 98 | 7 | 7 | 98 | X | | | | M | X | | | | | 1 | 0 |
| 04 | PC | 245(A)(2) | ASLT W/FIREARM ON PERSON | 98 | 7 | 7 | 98 | X | | | | | | | | X | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.. For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter the total in right-hand column

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat for each enhancement (e.g. if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2

Kern Valley State Prison
Facility B, Building 3

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |

5. OTHER ORDERS  AS TO COUNT 2, PURSUANT TO 12022.5(A)(1) P.C. AND 12022.53(B)P.C.= 10 YEARS. SENTENCE AS TO THIS CASE IS TO RUN CONCURRENT WITH ANY OTHER TIME.

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A)

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED TERM LIMIT, ETC. (You will include § 654 stays or discretionary stays of term for enhancements.)  | 16 | 8 |

8. TOTAL TERM IMPOSED.

9. EXECUTION OF SENTENCE IMPOSED.

A ☐ AT INITIAL SENTENCING HEARING    B ☒ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C ☐ AFTER REVOCATION OF PROBATION    D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E ☐ OTHER

| DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
| 07-21-98 | | 184 | INCLUDING | 164 | 20 | ☐ DMH |  | ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT

☐ CALIF. INSTITUTION FOR WOMEN - FRONTERA
☐ CALIF. MEDICAL FACILITY - VACAVILLE
☐ SAN QUENTIN
☒ CALIF. INSTITUTION FOR MEN - CHINO
☐ DEUEL VOC. INST.
☐ OTHER (SPECIFY)

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

CLERK'S SIGNATURE                                          09-10-99

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form adopted by the
Judicial Council of California
Effective April 1, 1992

ABSTRACT OF JUDGMENT — PRISON COMMITMENT
FORM DSL 290

Pen C. 1213.5

# EXHIBIT

# B

1   EIGHT MONTHS.

2            SO AS I READ THIS, IT COMES TO A TOTAL OF 17

3   YEARS, 4 MONTHS AGAINST WHICH MR. TOWERY IS TO RECEIVE

4   CREDIT FOR 164 ACTUAL, 82 CONDUCT DAYS FOR A TOTAL OF

5   CREDIT OF 246 DAYS.  THIS TERM IS TO RUN CONCURRENTLY WITH

6   ANY OTHER TERM MR. TOWERY IS PRESENTLY SERVING.

7            YOU HAVE A RIGHT TO APPEAL FROM THE JUDGMENT

8   OF THIS COURT, AND THE APPEAL MUST BE FILED IN WRITING

9   WITH THIS COURT WITHIN 60 DAYS.  IF YOU CHOOSE TO APPEAL

10  AND YOU CAN'T AFFORD AN ATTORNEY, YOU CAN'T AFFORD A

11  TRANSCRIPT, THESE THINGS WILL BE PROVIDED FOR YOU FREE OF

12  CHARGE.

13            GOOD LUCK TO YOU.

14       MS. MAZZA:  THANK YOU VERY MUCH, YOUR HONOR.

15

16       (THE PROCEEDINGS WERE CONCLUDED.)

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:       MAY 05 2010

In re:      Glenn Towery, P10003
            Kern Valley State Prison
            P.O. Box 6000
            Delano, CA 93216

IAB Case No.: 0912303            Local Log No.: KVSP-09-01658

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that his calculated release date by the institution is incorrect. The appellant contends that there is a discrepant message on his Legal Status Summary (LSS). The appellant requests a Computation Review Hearing (CRH) to correct the error.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the appellant's Earliest Possible Release Date (EPRD) has been calculated correctly. A CRH was conducted on November 3, 2009. The reviewer notes that the discrepancy and warning error on the appellant's LSS was not applicable to the appellant's case. The California Penal Code Section (PC) 1170.1(g) was deleted in 1997 and it is not applicable to the appellant based upon his offense date of 1998. The appellant was convicted of a violent enhancement of PC 12022.53(b), which is listed under PC 667.5(c). For these reasons it was determined by case records staff that the discrepant message error did not meet the criteria for a referral to the Legal Processing Unit. Lastly, the appellant was informed that the Offender Based Information System will continue to generate discrepant messages on cases that may no longer be discrepant due to changes to the PC 1170.1 sentencing laws. In that the appellant was provided a CRH, the appeal was partially granted at the Second Level of Review (SLR).

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** Case records staff at Kern Valley State Prison (KVSP) provided the appellant with a CRH to explain his EPRD to him. Following the hearing, it was determined the appellant's EPRD has been correctly calculated. The SLR detailed the appellant's case factors, and the appellant was provided a CDCR Form 1897-U Calculation Worksheet For -Determinate (DSL), which detailed the specifics of his release date. The appellant's EPRD was explained to him in person and in writing, and the calculations on the above-noted worksheet appear correct. The evidence presented is persuasive that the actions taken by staff are consistent with the rules cited herein.

The appellant has failed to provide evidence to warrant a modification of the decision reached by the institution. Relief at the Director's Level of Review is unwarranted.

**B.  BASIS FOR THE DECISION:**
PC: 667, 1170.1
California Code of Regulations, Title 15, Section: 3043, 3371.1

**C.  ORDER:** No changes or modifications are required by the Institution.

GLENN TOWERY, P10003
CASE NO. 0912303
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

K. J. ALLEN, Appeals Examiner
Inmate Appeals Branch

D. FOSTON, Chief
Inmate Appeals Branch

cc:     Warden, KVSP
        Appeals Coordinator, KVSP

**AB 4** — 6 —

1 ~~(h) The additional terms provided in this section shall~~
2 ~~not be limited by any other provision of law.~~
3 ~~(i)~~
4 *(g)* Notwithstanding any other provision of law,
5 probation shall not be granted to, nor shall the execution
6 or imposition of sentence be suspended for, any person
7 found to come within the provisions of this section. ~~There~~
8 ~~shall not be a commitment other than to the custody of~~
9 ~~the Department of Corrections.~~
10 ~~(j)~~
11 *(h)* Notwithstanding Section 1385 or any other
12 provision of law, the court shall not strike an allegation
13 under this section or a finding bringing a person within
14 the provisions of this section.
15 ~~(k) Any offense that includes an allegation pursuant to~~
16 ~~this section shall constitute a "violent felony" within the~~
17 ~~meaning of subdivision (c) of Section 667.5 and a "serious~~
18 ~~felony" within the meaning of subdivision (c) of Section~~
19 ~~1192.7.~~
20 ~~(l)~~
21 *(i)* The total amount of credits awarded pursuant to
22 Article 2.5 (commencing with Section 2930) of Chapter
23 7 of Title 1 of Part 3 or pursuant to Section 4019 or any
24 other provision of law shall not exceed 15 percent of the
25 total term of imprisonment imposed on a defendant upon
26 whom a sentence is imposed pursuant to this section.
27 ~~(m)~~
28 *(j)* For the penalties in this section to apply, the
29 existence of any fact required under subdivision ~~(c), (d),~~
30 ~~or (e)~~ *(b), (c), or (d)* shall be alleged in the information
31 or indictment and either admitted by the defendant in
32 open court or found to be true by the trier of fact. When
33 an enhancement specified in this section has been
34 admitted or found to be true, the court shall impose
35 punishment pursuant to this section rather than imposing
36 punishment authorized under any other provision of law,
37 unless another provision of law provides for a greater
38 penalty or a longer term of imprisonment.
39 ~~(n)~~

93



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

**C-FILE**

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   MAR 2 4 2009

In re:  Glenn Towery, P10003
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

IAB Case No.: 0812187       Local Log No.: LAC-08-01663

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that his calculated release date by the institution is incorrect. The appellant contends that based upon the manner by which he was sentenced by the court, he is entitled to earn half-time credit. The appellant requests on appeal that he receive a Computation Review Hearing (CRH) so his release date can be recalculated so he may receive a new and accurate Earliest Possible Release Date (EPRD) that is consistent with the court's order.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's EPRD has been calculated correctly. A CRH was conducted on September 22, 2008. The reviewer notes that pursuant to the People vs. Ramos Supreme Court decision, if one offense is violent and committed on or after September 21, 1994, all charged offenses and enhancements are limited to a fifteen percent conduct credit in accordance with the California Penal Code Section (PC) 2933.1. The reviewer noted that the PC 1192.7 does not apply to the appellant as he was convicted by a jury and not by a plea agreement. Following the completion of the CRH the appeal was partially granted at the Second Level of Review (SLR); however, the appellant's EPRD of November 20, 2012 remains accurate.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** Case records staff at the California State Prison, Los Angeles County (LAC) provided the appellant with a CRH to explain his EPRD to him. Following the hearing, it was determined the appellant's EPRD has been correctly calculated. The SLR detailed the appellant's case factors, and the appellant was provided a CDCR Form 1897-U Calculation Worksheet--Determinate (DSL), which detailed the specifics of his release date. The appellant's EPRD was explained to him in person and in writing, and the calculations on the above-noted worksheet appear correct. The evidence presented is persuasive that the actions taken by staff are consistent with the rules cited herein.

   The appellant has failed to provide evidence to warrant a modification of the decision reached by the institution. Relief at the Director's Level of Review is unwarranted.

   **B.   BASIS FOR THE DECISION:**
   PC: 667, 2933.1
   California Code of Regulations, Title 15, Section: 3043, 3371.1

   **C.   ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, LAC
      Appeals Coordinator, LAC

STATE OF CALIFORNIA--YOUTH AND ADULT CORRECTIONAL AGENCY

**DEPARTMENT OF CORRECTIONS**
Legal Processing Unit
P.O. Box 942883
Sacramento, CA  94283-0001
(916)  323-7403

GRAY DAVIS, *Governor*



April 26, 1999

Honorable Arthur H. Jean, Jr.
Judge of the Superior Court
County of Los Angeles, South District
415 West Ocean Boulevard
Long Beach, CA  90802

Re:  **TOWERY, Glenn**
CDC No.: P-10003
Case No.: NA035750
Date of Sentence:  July 21, 1998

Dear Judge Jean:

A review of the documents delivered with the above-named inmate indicates the Abstract of Judgment may be in error, or incomplete, for the following reasons:

The Abstract reflects 1998 as the year the crime was committed for Count 1; however, the amended Information reflects the year as 1997.  We have, therefore, recorded the year as 1997 pursuant to the amended Information.  If this is not the court's intent, please advise this office.

In addition, the Abstract reflects a PC 12022.4 enhancement imposed on Count 3 for 8 months.  Pursuant to PC 1170.1(a), "The subordinate term for each consecutive offense which is not a 'violent felony,' as defined in subdivison (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment . . . and **shall exclude any specific enhancements.**"  Please clarify.

Also, the Abstract indicates 164 days actual local time and 82 days local conduct credit for a total of 246 spent in custody.  Pursuant to PC 2933.1(c), felons sentenced to prison for one of the violent felonies listed in PC 667.5(c), which were committed on or after September 21, 1994 shall not earn more than 15 percent credit against the period of confinement following arrest and prior to placement in the custody of the Director of Corrections.

Honorable Arthur H. Jean, Jr.
April 26, 1999
Page 2

Please review your file to determine if a correction is required. When notified by the Department of Corrections that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, **People v. Hill, 185 Cal. App. 3d 831.** We would appreciate your providing a **certified copy of any Minute Order or modified Abstract of Judgment** to this Department. May we also request the attached copy of this letter be returned with your response. If this case is under appellate review, please forward a copy of this letter to the appellate attorney.

Sincerely,

KATHY MOORE
Correctional Case Records Manager

By: KAREN ELLIOTT
Correctional Case Records Analyst

cc: District Attorney
Defense Counsel
Inmate
Central File

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Colenn Rafael Towery
**PLAINTIFF or PETITIONER**

v.

Case Number:

K. Harring (Warden)
**Defendant or Respondent**

**PROOF OF SERVICE**

Glenn Rafael Towery,

I hereby certify that on July 20 , 20 10 , I served a copy
of the attached Writ Of habeas Corpus for U.S. District Court, by placing a copy in
a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope
in the United States Mail at Delano , California :

declare under penalty of perjury that the foregoing is true and correct.

Glenn R. Irons #P60003
K.V.S.P
P.O.Box 5
Delano, Calif. 93216




RECEIVED
CLERK, US DISTRICT COURT

JUL 23 2010

CENTRAL DISTRICT OF CALIFORNIA
BY              MD

$ 01.73⁰


2284

United States Court house
ATTN: Intake / Docket section
312 North Spring Street
Los Angeles, California 90012

**Legal Materials Only**

**Legal Materials Only**

Legal Materials Only

Legal Materials Only

K Straub

Kern Valley State Prison
Facility ... Division 1

7- 20-10



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**TERRY NAFISI**

District Court Executive
and Clerk of Court

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Tuesday, July 27, 2010

GLENN RAFAEL TOWERY
P-10003
P. O. BOX 5101
DELANO, CA 93216

Dear Sir/Madam:

Your petition has been filed and assigned civil case number     CV10- 5577 JHN (JC)

Upon the submission of your petition, it was noted that the following discrepencies exist:

1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

X 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

(a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

(b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

X (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

(d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

(e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court
       APEDRO

By: _____
       Deputy Clerk

CV-111 (07/06)          **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
**District Court Executive**
**and Clerk of Court**

Tuesday, July 27, 2010

**GLENN RAFAEL TOWERY**
**P-10003**
**P. O. BOX 5101**
**DELANO, CA 93216**

Dear Sir/Madam:

A  X  Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
CV10- 5577 JHN (JC)

A ___ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number _____ and also assigned the civil case number _____

A ___ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
___ District Court Judge _____
 X  Magistrate Judge _____ **Jacqueline Chooljian** _____
at the following address:

 X  U.S. District Court            ___ Ronald Reagan Federal            ___ U.S. District Court
    312 N. Spring Street              Building and U.S. Courthouse          3470 Twelfth Street
    Civil Section, Room G-8           411 West Fourth St., Suite 1053       Room 134
    Los Angeles, CA  90012            Santa Ana, CA  92701-4516             Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                                    Very truly yours,

                                    Clerk, U.S. District Court


                          By: ___ APEDRO _____
                                    Deputy Clerk

CV-17 (06/09)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**