1  EDMUND G. BROWN JR.
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  PAMELA C. HAMANAKA
   Senior Assistant Attorney General
4  KENNETH C. BYRNE
   Supervising Deputy Attorney General
5  E. CARLOS DOMINGUEZ
   Deputy Attorney General
6  State Bar No. 241097
    300 South Spring Street, Suite 1702
7   Los Angeles, CA  90013
    Telephone:  (213) 897-2413
8   Fax:  (213) 897-6496
    E-mail:  DocketingLAAWT@doj.ca.gov
9  *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLENN R. TOWERY,** | Case No. CV 10-5577-JHN (JC) |
| Petitioner, | **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **K. HARRINGTON,** | The Honorable Jacqueline Chooljian United States Magistrate Judge |
| Respondent. | |

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ................................................................. 2
Procedural History ................................................................................................. 2
Petitioner's Contentions .......................................................................................... 3
Argument ................................................................................................................ 3
    I.     The petition is time-barred under the one-year period of limitation set forth in 28 U.S.C. § 2244(d) ............................................. 3
         A.     The petition is facially untimely ..................................................... 4
         B.     Petitioner is not entitled to tolling under § 2244(d)(2) ................ 4
         C.     Petitioner is not entitled to an alternate commencement date ................................................................................................ 5
    II.    The petition is also unexhausted because petitioner has two habeas corpus petitions pending in state court ....................................... 7
Conclusion .............................................................................................................. 8

# TABLE OF AUTHORITIES

**Page**

CASES

*Belbin v. Picard*
    454 F.2d 202 (1st Cir. 1972) ........................................................................ 8

*Bowen v. Roe*
    188 F.3d 1157 (9th Cir. 1999) ...................................................................... 4

*Brooks v. McKee*
    307 F. Supp. 2d 902 (E.D. Mich. 2003) ....................................................... 7

*Bryant v. Bailey*
    464 F.2d 560 (5th Cir. 1972) ........................................................................ 8

*Carden v. Montana*
    626 F.2d 82 (9th Cir. 1980) .......................................................................... 8

*Carey v. Saffold*
    536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) ........................... 4

*Daniels v. Nelson*
    415 F.2d 323 (9th Cir. 1969) ........................................................................ 8

*Davidson v. Klinger*
    411 F.2d 746 (9th Cir. 1969) ........................................................................ 8

*Earls v. Hernandez*
    403 F. Supp. 2d 985 (C.D. Cal. 2005) .......................................................... 7

*Ferguson v. Palmateer*
    321 F.3d 820 (9th Cir. 2003) ........................................................................ 5

*Green v. White*
    223 F.3d 1001 (9th Cir. 2000) ...................................................................... 5

*Hasan v. Galaza*
    254 F.3d 1150 (9th Cir. 2001) .................................................................. 6, 7

*Houston v. Lack*
    487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) ........................... 3

# TABLE OF AUTHORITIES
## (continued)

Page

*Kellotat v. Cupp*
  719 F.2d 1027 (9th Cir. 1983)......................................................................... 8

*Laws v. Lamarque*
  351 F.3d 919 (9th Cir. 2003) ........................................................................... 5

*Lucas v. Salazar*
  2010 WL 2195988 (E.D. Cal. May 26, 2010)................................................ 6

*Murphy v. Espinoza*
  401 F. Supp. 2d 1048 (C.D. Cal. 2005) .......................................................... 5

*Nichols v. Gonzalez*
  2010 WL 1486503 (E.D. Cal. Apr. 13, 2010) ................................................ 6

*Pace v. DiGuglielmo*
  544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ............................. 5

*Patterson v. Stewart*
  251 F.3d 1243 (9th Cir. 2001)......................................................................... 4

*Picard v. Connor*
  404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) ................................... 7

*Redd v. McGrath*
  343 F.3d 1077 (9th Cir. 2003)......................................................................... 6

*Redmond v. Jackson*
  295 F. Supp. 2d 767 (E.D. Mich. 2003) ......................................................... 7

*Schnepp v. Oregon*
  333 F.2d 288 (9th Cir. 1964)........................................................................... 8

*Shelby v. Bartlett*
  391 F.3d 1061 (9th Cir. 2004)......................................................................... 6

*Smith v. Duncan*
  297 F.3d 809 (9th Cir. 2002)....................................................................... 4, 5

*Stillman v. Lamarque*
  319 F.3d 1199 (9th Cir. 2003)......................................................................... 3

# TABLE OF AUTHORITIES
# (continued)

**Page**

*Woods v. Gilmore*
    26 F. Supp. 2d 1093 (C.D. Ill. 1998) ........................................................................ 8

STATUTES

28 U.S.C. § 2244(d) ............................................................................................. 3, 4, 5

28 U.S.C. § 2244(d)(1)(A) ............................................................................................ 4

28 U.S.C. § 2244(d)(1)(D) ..................................................................................... 5, 6, 7

28 U.S.C. § 2244(d)(2) ................................................................................................. 4

28 U.S.C. § 2254 .......................................................................................................... 8

28 U.S.C. § 2254(b) ..................................................................................................... 7

Cal. Penal Code § 187(a) ............................................................................................. 2

Cal. Penal Code § 211 .................................................................................................. 2

Cal. Penal Code § 245(a) ............................................................................................. 2

Cal. Penal Code § 667(b)-(i) ........................................................................................ 2

COURT RULES

S. Ct. R. 13 ................................................................................................................... 4

OTHER AUTHORITIES

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") ........................ 4

Pursuant to this Court's Order dated August 4, 2010, Respondent Kelly Harrington, Warden of the Kern Valley State Prison in Delano, California, respectfully moves this Court to dismiss the Petition for Writ of Habeas Corpus. This Motion is made on the ground that the Petition is untimely and unexhausted. This Motion is based on the pleadings and files in this case, the attached Memorandum of Points and Authorities, and the records lodged herewith.

WHEREFORE, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Dated:  December 2, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
KENNETH C. BYRNE
Supervising Deputy Attorney General


**/s/  E. Carlos Dominguez**
E. CARLOS DOMINGUEZ
Deputy Attorney General
*Attorneys for Respondent*

LA2010503657
50755749.doc

# MEMORANDUM OF POINTS AND AUTHORITIES
## PROCEDURAL HISTORY

On July 7, 1998, in Los Angeles County Superior Court case number NA035750, a jury found Petitioner guilty of grand theft (Cal. Penal Code § 487(a)), two counts of second degree robbery (Cal. Penal Code § 211), and assault with a firearm (Cal. Penal Code § 245(a)(2)). The jury also found true that Petitioner had personally used a firearm (Cal. Penal Code §§ 12022(a)(1), 12022.4, 12022.5(a)(1), & 12022.53(b)). On July 21, 1998, the trial court sentenced Petitioner to seventeen years and four months in state prison.[1] (*See* Pet. at 2; Lodged Item No. 1.) On July 29, 1999, the California Court of Appeal in case number B124798 affirmed Petitioner's conviction and instructed the trial court to modify the presentence custody credit. (Lodged Item No. 3.) On September 7, 1999, Petitioner filed a petition for review in the California Supreme Court, case number S081930, which was denied on October 20, 1999. (Lodged Item No. 4.)

On November 6, 2008, more than nine years later, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on January 22, 2009. (Lodged Item Nos. 5 & 6.)

On April 16, 2009, Petitioner filed a habeas petition in the California Court of Appeal, case number B215414, which was denied on June 11, 2009. (Lodged Item Nos. 7 & 8.)

On December 2, 2009, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on January 6, 2010. (Lodged Item Nos. 9 & 10.) On February 1, 2010, Petitioner sent an addendum to the habeas petition previously sent to the Los Angeles County Superior Court. On February 19, 2010, the addendum was denied. (Lodged Item Nos. 11 & 12.)

---

[1] The trial court later modified the sentence to sixteen years and eight months in state prison. (*See* Lodged Item No. 2.)

On April 7, 2010, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on April 19, 2010. (Lodged Item Nos. 13 & 14.)

On May 11, 2010, Petitioner filed a petition for writ of mandate in the California Court of Appeal, in case number B224286, which the court deemed a habeas petition and denied on May 26, 2010. (Lodged Item Nos. 15 & 16.)

On June 11, 2010, Petitioner filed a petition for review in the California Supreme Court, case number S183507, which was denied on July 14, 2010. (Lodged Item Nos. 17 & 18.)

The instant Petition was filed on July 27, 2010.[2] (Pet. at 1.)

On September 28, 2010, Petitioner filed a fourth habeas petition in the California Court of Appeal, case number B227644. (Lodged Item No. 19.)

On September 28, 2010, Petitioner filed a fifth habeas petition in the California Court of Appeal, case number B227647. (Lodged Item No. 20.)

**PETITIONER'S CONTENTIONS**

1. The trial court improperly sentenced Petitioner. (Pet. at 5.)
2. Petitioner received ineffective assistance of counsel during sentencing. (Pet. at 5.)
3. The California Department of Corrections and Rehabilitation improperly denied Petitioner sentence credits. (Pet. at 6.)
4. Petitioner received ineffective assistance of appellate counsel. (Pet. at 6.)

---

[2] Petitioner is not entitled to application of the "mailbox rule" in this case as the statute of limitations had expired by the time his state petitions and the instant Petition were verified. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the "mailbox rule" a petitioner must be proceeding without the assistance of counsel, and moreover must deliver the petition to prison authorities for forwarding to the court within the limitations period); *see also Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

# ARGUMENT

## I. THE PETITION IS TIME-BARRED UNDER THE ONE-YEAR PERIOD OF LIMITATION SET FORTH IN 28 U.S.C. § 2244(D)

### A. The Petition Is Facially Untimely

The Petition is time-barred under the one-year period of limitation for filing federal habeas corpus petitions enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). Under the AEDPA, a state prisoner ordinarily has one year from the date his conviction becomes final to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The AEDPA limitation period "encourag[es] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). The period of limitation is tolled while a properly filed state post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). However, the petitioner has the burden of demonstrating that the limitation period was sufficiently tolled. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Here, the California Supreme Court denied review on direct appeal on October 20, 1999. Petitioner's judgment became final on January 18, 2000, at the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court, i.e., 90 days from when the California Supreme Court petition for review was denied. *See* S. Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitation expired one year later on January 18, 2001. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).

Petitioner, however, did not file the instant Petition until July 27, 2010, more than nine years after the period of limitations had expired. Thus, in the absence of sufficient tolling, the Petition is plainly untimely.


### B.  Petitioner Is Not Entitled To Tolling Under § 2244(d)(2)

As previously set forth, the period of limitation is tolled while a properly filed state post-conviction petition is pending. *See* 28 U.S.C. § 2244(d)(2). The petitioner has the burden of demonstrating that the limitation period was sufficiently tolled. *Smith v. Duncan*, 297 F.3d at 814.

Here, Petitioner is not entitled to tolling under 28 U.S.C. § 2244(d) because no state petitions were pending between January 18, 2000, and January 18, 2001, which was the period of limitation in this case. The writ proceedings filed in the California state courts in 2008 through 2010 had no tolling effect, as the statute of limitations had long since expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (if first petition filed after expiration of limitations period, "statutory tolling cannot save his claim"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run).

Therefore, unless Petitioner is entitled to an alternate trigger date, the Petition is time-barred under § 2244(d), and should be dismissed with prejudice.

### C.  Petitioner Is Not Entitled to an Alternate Commencement Date

In Ground Three,[3] Petitioner is asserting that the California Department of Corrections and Rehabilitation improperly calculated and denied him sentence credits. (*See* Pet. at 6.) However, Petitioner may not benefit from a later trigger date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

---

[3] Under section 2244(d)(1)(D), this Court must assess the timeliness of an inmate's claims on a claim-by-claim basis. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005). Therefore, even if this Court were to find that Ground Three was to benefit from a later trigger date, the other claims in the instant Petition should be dismissed as untimely.

Under § 2244(d)(1)(D), the one-year period begins to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001).

Here, Petitioner previously attached documentation that he filed a prison administrative appeal on July 29, 2008. (*See* Lodged Item No. 21.) That appeal was later denied, through subsequent "Director's Level Decisions," on March 24, 2009 and on May 5, 2010. (*See* Lodged Item Nos. 22 & 23.) In cases involving the denial of parole and prison disciplinary hearing decisions, the Ninth Circuit has found that the statute of limitations does not begin to run until an administrative appeal becomes final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1065 (9th Cir. 2004) (holding that the statute of limitations began to run the day after the denial of an administrative appeal of a prison disciplinary hearing decision); *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003) (holding that the statute of limitations began to run the day after the denial of an administrative appeal of a Board of Prison Terms' decision denying parole).

However, this case is factually different from *Shelby* and *Redd* . Unlike the denial of a parole or a prison disciplinary hearing decision, where the factual predicate of the claim *is* the denial of those appeals and is therefore not known until the appeal is final, the calculation of sentence credits is known at the time a prisoner enters prison. Logically, Petitioner should have been aware at the time he was sentence whether his release date was correct. *See e.g.*, *Nichols v. Gonzalez*, 2010 WL 1486503, at *2 (E.D. Cal. Apr. 13, 2010) (any error in the calculation of pre-sentence credits was fully discoverable the day of sentencing, and the statute of limitations period commenced on the same day); *Lucas v. Salazar*, 2010 WL

2195988, at *3-4 (E.D. Cal. May 26, 2010) (same).  Instead Petitioner waited almost ten years to exhaust his administrative remedies within the prison system and file his numerous habeas petitions.

Even if he did not understand the legal significance of the facts pertaining to his claim regarding the alleged miscalculation of his release date, Petitioner was aware of those facts when he started serving his sentence and given a release date. *See Hasan*, 254 F.3d at 1154 n.3 ("This is not to say that [petitioner] needed to understand the legal significance of those facts-rather than simply the facts themselves-before the due diligence (and hence the limitations) clock started ticking."); *Earls v. Hernandez*, 403 F. Supp. 2d 985, 989 (C.D. Cal. 2005) (citing *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2003) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts.") and *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) ("[Section] 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim.")).

Therefore, Petitioner was necessarily aware of the facts surrounding calculated release date, and cannot claim he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(D).

## II. THE PETITION IS ALSO UNEXHAUSTED BECAUSE PETITIONER HAS TWO HABEAS CORPUS PETITIONS PENDING IN STATE COURT

Most recently on September 28, 2010, Petitioner filed two habeas corpus petitions, which are currently pending in the California Court of Appeal.  (Lodged Doc. Nos. 13 & 14.)  Because there is a pending state proceeding, the disposition of which could result in the overturning of Petitioner's conviction and the mooting of the instant Petition altogether, this Court should not entertain any of the claims presented here.

A federal court may not grant a state prisoner's petition for writ of habeas corpus unless the prisoner has exhausted available state remedies. 28 U.S.C. §2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its [*sic*] prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983). "We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ." *Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972). Thus, a federal court must not intervene where a petitioner has other postconviction matters pending in the state courts. *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964); *see also Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998).

Even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *See Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969); *see e.g.*, *Carden v. Montana*, 626 F.2d 82 (9th Cir. 1980) (district court's grant before state trial of petition for habeas corpus on speedy trial claim was premature since comity requires exhaustion of state proceedings before collateral relief can be sought); *Bryant v. Bailey*, 464 F.2d 560 (5th Cir. 1972) (state remedies held not exhausted where prisoner had unsuccessfully petitioned state courts for free transcript for appeal, and appeal still pending); *Daniels v. Nelson*, 415 F.2d 323 (9th Cir. 1969) (no exhaustion where state appeal pending).

Thus, the instant Petition is premature, and must also be dismissed for failure to exhaust state remedies.

## CONCLUSION

Accordingly, in light of the foregoing, the Petition is untimely and unexhausted and should be dismissed with prejudice.

Dated: December 2, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
KENNETH C. BYRNE
Supervising Deputy Attorney General


**/s/ E. Carlos Dominguez**
E. CARLOS DOMINGUEZ
Deputy Attorney General
*Attorneys for Respondent*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | *Glenn R. Towery v. K Harrington* | No. | CV 10-5577 JHN (JC) |

I hereby certify that on December 2, 2010, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On December 2, 2010, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Glenn R. Towery
P-10003
P.O. Box 5101
Delano, CA 93216

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 2, 2010, at Los Angeles, California.

| J.R. Familo | *[signature]* |
|---|---|
| Declarant | Signature |

50788165.doc